## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VARIAN C. CALLAHAN, | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 20-305 Erie** |
| v. | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| MICHAEL CLARK, et al., | ) | **Chief Magistrate Judge Richard A. Lanzillo** |
| **Defendants.** | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiff Varian C. Callahan, an individual previously in the custody of the Pennsylvania

Department of Corrections ("DOC") at the State Correctional Institution at Albion, Pennsylvania

("SCI-Albion"),[1] initiated this civil rights action by filing a *pro se* complaint pursuant to 42

U.S.C. § 1983. He subsequently obtained legal counsel who filed an amended complaint on

November 23, 2022 [ECF No. 55], which is the operative pleading in this case. Named as

Defendants are the DOC and four DOC employees ("DOC Defendants"),[2] and Wellpath LLC

f/k/a Correct Care Solutions, LLC ("Wellpath"), a private entity under contract with the DOC to

provide medical care to inmates at state correctional institutions, and three Wellpath employees

(Wellpath and its employees will be collectively referred to as "Medical Defendants").[3] Plaintiff

---

[1]

Plaintiff was released from incarceration in or around December 2021 [ECF No. 28]

[2]

The individual DOC Defendants are: Joseph Silva, Director od the Bureau of Health Care Services; Michael Clark, SCI-Albion Superintendent; Jeri Smock, SCI-Albion's Chief Health Care Administrator ("CHCA"); and Ruth Wisniewski, a Licensed Practical Nurse at SCI-Albion.

[3]

The individual Medical Defendants are Morgan Oliver, Dr. Rekha Halligan, and Physician Assistant Matthew Riley.

alleges that Defendants violated his First and Eighth Amendment rights, as well as his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 794. All claims arise from the medical care and treatment he received at SCI-Albion.

This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The case was subsequently assigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

On January 13, 2023, and January 20, 2023, respectively, the Medical Defendants and the DOC Defendants each filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim. [ECF Nos. 67 and 72]. Both motions were fully briefed by the parties.

On August 14, 2023, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that the Medical Defendants' motion to dismiss [ECF No. 67] be denied in all respects, except for Plaintiff's First Amendment access to courts claim, which should be dismissed with prejudice; and that the DOC Defendants' motion to dismiss [ECF No. 72] be denied in all respects, except that Plaintiff's Eighth Amendment claim against Defendants Wisniewski and Clark should be dismissed *without prejudice*, and Plaintiff's First Amendment access to courts claim against Defendant Smock and his ADA/rehab Act claims against Defendants Clark, Smock, and Silva, in their official capacities, should be dismissed *with prejudice*. [ECF No. 78]. Objections to the R&R were due to be filed by August 28, 2023; however, no timely objections have been received by the Court.

Thus, after *de novo* review of the complaint and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 29th day of August, 2023;

IT IS HEREBY ORDERED that the Medical Defendants' motion to dismiss [ECF No. 67] is GRANTED as to Plaintiff's First Amendment access to courts against such Defendants, and such claim is hereby DISMISSED with prejudice; however, the Medical Defendants' motion to dismiss is DENIED in all other respects.

IT IS FURTHER ORDERED that the DOC Defendants' motion to dismiss [ECF No. 72] is GRANTED IN PART and DENIED IN PART, as follows:

1. The motion is GRANTED as to Plaintiff's Eighth Amendment claim against Defendants Wisniewski and Clark, and such claim is DISMISSED, without prejudice to Plaintiff's right to amend such claim to correct the deficiencies noted in the R&R within twenty (20) days of the date of this Order. In the event Plaintiff fails to amend such claim within the time prescribed, the claim will be dismissed with prejudice without further notice of the Court;

2. The motion is GRANTED as to Plaintiff's First Amendment access to courts claim against Defendant Smock and Plaintiff's ADA/Rehab Act ` claims against Defendants Clark, Smock, and Silva, in their official capacities, and such claims are DISMISSED with prejudice; and

3. The motion is DENIED in all other respects.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued August 14, 2023 [ECF No. 78], is adopted as the opinion of the court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge