IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

VARIAN C. CALLAHAN,                    )
                                       )
            Plaintiff                  )    1:20-CV-00305-SPB
                                       )
    vs.                                )    SUSAN PARADISE BAXTER
                                       )    United States District Judge
MICHAEL CLARK,                         )
SUPERINTENDENT, SCI ALBION;            )    RICHARD A. LANZILLO
JERI SMOCK, CORRECTIONAL               )    Chief United States Magistrate Judge
HEALTH CARE ADMINISTRATOR,             )
SCI ALBION; REKHA HALLIGAN,            )    REPORT AND RECOMMENDATION
MEDICAL DIRECTOR, SCI ALBION;          )    ON WELLPATH'S MOTION TO
MORGAN OLIVER, SECRETARY,              )    DISMISS OR IN THE ALTERNATIVE
CORRECTCARE SOLUTIONS;                 )    FOR JUDGMENT ON THE
MICHAEL RILEY, PHYSICIAN               )    PLEADINGS
ASSISTANT, SCI ALBION; TRACIE          )
JONES, OD, WELLPATH LLC,               )
PENNSYLVANIA DEPARTMENT OF             )    RE: ECF NO. 134
CORRECTIONS, JOSEPH SILVA,             )
RUTH WISNIEWSKI,                       )
                                       )
            Defendants                 )

I.    Recommendation

Wellpath, LLC ("Wellpath") has moved to dismiss Plaintiff's Second Amended Complaint based on lack of jurisdiction and, alternatively, for judgment on the pleadings. *See* ECF No. 134. For the following reasons, it is recommended that the Court grant Wellpath's motion and dismiss all claims against Wellpath with prejudice based on discharge in bankruptcy, but without prejudice to Plaintiff's right to seek substitution of the Wellpath Bankruptcy Plan Liquidating Trust ("Trust") as a nominal defendant for purposes of liquidating his claim against the Trust.

II.    Report

A. Relevant Procedural History

Plaintiff Varian Callahan ("Callahan") brings this action against the Pennsylvania Department of Corrections ("DOC") and four DOC officials (collectively, "DOC Defendants"), Wellpath[1], a limited liability company with which the DOC contracted to provide medical services to inmates, and five individuals who provided medical services at the Pennsylvania State Correctional Institution at Albion ("SCI-Albion"): Optometrist Traci ("Jones"), Physician's Assistant Matthew Riley[2], Rekha Halligan, M.D. (Wellpath employee), and Morgan Oliver (Wellpath employee).[3] Callahan seeks damages against the Defendants for medical care he received at SCI-Albion that he alleges was so deficient it constituted both medical malpractice and a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The operative pleading before the Court is Callahan's Second Amended Complaint ("SAC"). ECF No. 80.

On November 11, 2024, Wellpath Holdings, Inc. ("Wellpath Holdings") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. ECF No. 113. Wellpath Holdings' filing extended debtor status to various affiliated entities, including Wellpath, and triggered the automatic stay of Section 362(a) of the United States Bankruptcy Code as to all lawsuits against Wellpath Holdings and such

---

[1] Wellpath was formerly known as Correct Care Solutions, LLC. ECF No. 80, ¶ 11.

[2] Defendants note that Callahan incorrectly identifies Defendant Matthew Riley as "Michael Riley." *See* ECF No. 129.

[3] Wellpath files the present motion to dismiss on behalf of the entity alone and not on behalf of any of its formerly associated employees. *See* ECF No. 134, *generally.*

2

affiliated entities.  On December 4, 2024, this Court stayed this action in accordance Section 362(a).  ECF No. 114.

On May 1, 2025, Wellpath Holdings filed a Confirmation of the Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Confirmed Plan"). *See In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596).  On August 18, 2025, Wellpath moved to dismiss the claims against them, or in the alternative for judgment on the pleadings, based on Wellpath's discharge in bankruptcy under the Confirmed Plan.  ECF No. 134.  Callahan has filed a response to the Wellpath's motion, and the matter is ripe for decision.

A. Discussion

Pursuant to Article IX.A. of the Confirmed Plan and Paragraph 3 of the Stay Order, all Claims and Causes of Action against the Debtors as defined in the Plan (which includes Wellpath) are discharged:

> the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties.

Plan, Article IX.A, ECF No. 134 at pp. 4-5.

Furthermore, under Article IX.F of the Confirmed Plan, holders of Claims and Causes of Action that are discharged or released are permanently enjoined from, among other things,

3

(1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Plan, Article IX.F, *id.*, at 5.

Under the terms of the Confirmed Plan and Stay Order, Wellpath is discharged from liability for all claims that arose prior to November 11, 2024. *See In re Wellpath Holdings, Inc.*, (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596, 2679, 2680). The discharge of a Chapter 11 bankruptcy debtor "operates as an injunction against commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).  Therefore, Callahan cannot proceed with his claims against Wellpath. *See Perez-Martinez v. County of Union Penna*, 2025 WL 2004700, at *6 (E.D. Pa. July 17, 2025) ("This court is not the

4

proper forum for Perez to pursue his claims against Wellpath, which was discharged from liability by the United States Bankruptcy Court for the Southern District of Texas, Houston Division, for claims that arose prior to November 11, 2024.").

Callahan argues in his brief in opposition that Wellpath should remain in this action as a nominal defendant. *See* ECF No. 139. In response, Wellpath included the Bankruptcy Court's Revised Clarifying Order, which provides the following guidance regarding Wellpath proceeding as a nominal defendant: "...Holders of General Unsecured Claims arising from alleged personal injury tort or wrongful death may 'proceed in the appropriate civil court and litigate such claim with the [Trust] included as a nominal defendant.'" *See* ECF No. 159 citing *In Re Wellpath Holdings, Inc.*, No. 24-90566 (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 1123). Should Callahan wish to liquidate his claim in this case, he must move to substitute the Trust in place of Wellpath. Additionally, Callahan cannot retain Wellpath as a defendant for the purposes of reaching any third-party insurance. For third-party insurance to be potentially available, Callahan's claim would have to exceed Wellpath's self-insured retention ("SIR") of eight million dollars ($8,000,000.00). ECF No. 159, p. 4. Therefore, even if the Court were to assume, without deciding, that third-party insurance provides an exception to Wellpath's bankruptcy discharge and the Plan's procedures for claims against the Trust, the allegations of Callahan's Second Amended Complaint do not plausibly support a potential recovery approaching Wellpath's SIR.

Therefore, Wellpath's motion to dismiss the claims against Wellpath based on discharge in bankruptcy should be granted, and all claims against Wellpath should be dismissed with prejudice.  Such dismissal should, however, be without prejudice to Callahan's right to seek substitution of the Trust in place of Wellpath in this action for purposes of liquidating his claim against the Trust.

III.    Notice Concerning Objections

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 11th day of February 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF  UNITED  STATES  MAGISTRATE
JUDGE

6