## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VARIAN C. CALLAHAN,<br>Plaintiff, | )<br>)<br>) | C.A. No. 20-305 Erie |
| v. | )<br>) | District Judge Susan Paradise Baxter |
| MICHAEL CLARK, et al.,<br>Defendants. | )<br>)<br>) | Chief Magistrate Judge Richard A. Lanzillo |

### MEMORANDUM ORDER

Plaintiff Varian C. Callahan, an individual previously in the custody of the Pennsylvania

Department of Corrections ("DOC") at the State Correctional Institution at Albion, Pennsylvania

("SCI-Albion"),[1] initiated this civil rights action by filing a *pro se* complaint pursuant to 42

U.S.C. § 1983. He subsequently obtained legal counsel who filed an amended complaint on

November 23, 2022 [ECF No. 55], and a second amended complaint on September 18, 2023

[ECF No. 80], the latter of which is the operative pleading in this case. Named as Defendants are

the DOC and four DOC officials ("DOC Defendants"),[2] and Wellpath LLC f/k/a Correct Care

Solutions, LLC ("Wellpath"), a private entity under contract with the DOC to provide medical

care to inmates at state correctional institutions, and four Wellpath employees.[3] All claims

remaining in this case arise from the medical care and treatment he received at SCI-Albion.

This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for

---

1 Plaintiff was released from incarceration in or around December 2021 [ECF No. 28]

2 The individual DOC Defendants are: Joseph Silva, Director of the Bureau of Health Care Services; Michael Clark, SCI-Albion Superintendent; Jeri Smock, SCI-Albion's Chief Health Care Administrator ("CHCA"); and Ruth Wisniewski, a Licensed Practical Nurse at SCI-Albion.

3 The individual Medical Defendants are Optometrist Traci Jones, Morgan Oliver, Dr. Rekha Halligan, and Physician Assistant Matthew Riley.

report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The case was subsequently assigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

On November 11, 2024, Defendant Wellpath filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas [ECF No. 113], and the Court stayed this action on December 4, 2024, in accordance with the automatic stay provisions of Section 362(a) of the Bankruptcy Code. [ECF No. 114]. On May 1, 2025, Wellpath filed a confirmation of its plan of reorganization under Chapter 11 of the Bankruptcy Code, the terms of which provide for the discharge of Wellpath's liability for all claims that arose prior to November 11, 2024. See In re Wellpath Holdings, Inc., (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596, 2679, 2680).

As a result, on August 18, 2025, Wellpath filed a motion to dismiss Plaintiff's claims against it in this action [ECF No. 134], based on the discharge in bankruptcy under its confirmed plan of reorganization. Plaintiff filed a brief in opposition to Wellpath's motion arguing that Wellpath should remain in this action as a nominal Defendant [ECF No. 139]. In response, Wellpath filed a reply brief attaching the Bankruptcy Court's "revised clarifying order" that provides: "Holders of General Unsecured Claims arising from alleged personal injury tort or wrongful death may 'proceed in the appropriate civil; court and litigate such claim with the Wellpath Bankruptcy Plan Liquidating Trust ("the Trust") included as a nominal defendant.'" (ECF No. 144-1, at p. 15).

On February 11, 2026, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Defendant Wellpath's motion to dismiss be

granted and that all claims against Wellpath be dismissed with prejudice; provided, however, that the dismissal be without prejudice to Plaintiff's right to seek substitution of the Trust in place of Wellpath in this action for purposes of liquidating his claim against the Trust. [ECF No. 162]. Objections to the R&R were due to be filed by February 25, 2026; however, no timely objections have been received by the Court.

Thus, after *de novo* review of the second amended complaint and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 5th day of March, 2026;

IT IS HEREBY ORDERED that Defendant Wellpath's motion to dismiss [ECF No. 134] is GRANTED and all of Plaintiff's claims against Defendant Wellpath are DISMISSED with prejudice; however, such dismissal is without prejudice to Plaintiff's right to seek substitution of the Wellpath Bankruptcy Plan Liquidating Trust in place of Wellpath in this action for purposes of liquidating his claims against the Trust.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued February 11, 2026 [ECF No. 162], is adopted as the opinion of the court.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge